Eugene B. Elliot, State Bar No. 111475
Heather G. Hensley, State Bar No. 313860
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
Email: eelliot@bfesf.com

Attorneys for Defendant
JANET WILLFORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.Y., through his guardians David and Leilanie Yu,<br><br>Plaintiff,<br><br>v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT; SAN RAMON VALLEY HIGH SCHOOL; RICK SCHMITT; DR. JASON REIMANN; RUTH STEELE; JAMIE KEITH; DEARBORN RAMOS; BERNIE PHELAN; JANET WILLFORD; and KERRI CHRISTMAN GILBERT,<br><br>Defendants. | Case No. 3:17-cv-03906-MMC<br><br>**DEFENDANT JANET WILLFORD'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br>**[FRCP RULE 12(B)(6)]**<br><br><br>Date: September 6, 2019<br>Time: 9:00 a.m.<br>Dept: Courtroom 7 - 19th Floor<br><br>**Hon. Maxine M. Chesney** |

## NOTICE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on September 6, 2019, in Courtroom 7 - 19th Floor, located at 450 Golden Gate Avenue, San Francisco, California, defendant JANET WILLFORD hereby moves this Court for dismissal of the claims specified below pursuant to FRCP Rule 12(b)(6), and this Memorandum of Points and Authorities, because the Fourth Amended Complaint ("4AC") fails to allege sufficient facts or cognizable legal theories to state claims against WILLFORD upon which relief can be granted. This motion is also based on the pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED

Plaintiff N.Y., through his Guardians, DAVID and LEILANIE YU, filed his Fourth Amended Complaint ("4AC") against defendants SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT (the "DISTRICT"), RICK SCHMITT, JASON REIMANN, RUTH STEELE, JAMIE KEITH, DEARBORN RAMOS, BERNIE PHELAN (collectively, with the DISTRICT, the "Administrative Defendants"), and JANET WILLFORD, and KERRI CHRISTMAS GILBERT[1] on July 8, 2019, alleging the following causes of action against the Administrative Defendants and WILLFORD: (1) 42 U.S.C. §1983, violation of the 1st and 14th Amendment to the United States Constitution seeking injunctive relief[2]; (2) 42 U.S.C. §1983: "Violations of U.S. Const., amend. I;" (3) 42 U.S.C. §1983: "Violations of U.S. Const., amend. I by Retaliation"; (4) 42 U.S.C §1983: "Violation of the 14th Amendment to the United States Constitution – Right to Due Process;" (5) 42 U.S.C. §1983: "Violation of the Equal Protection Clause of the 14th Amendment;" (6) 42 U.S.C. § 2000d: "Violations of Title VI of the Civil Rights Act of 1964;" (7) Cal. Civ. Code § 52.1: "Violation of California Constitution, Article I, § 2;" (8) Cal. Civ. Code § 52.1: "Violation of California Education Code §§ 48907, 48950;" (9) Intentional Infliction of Emotional Distress; (10) Negligent Infliction of Emotional Distress; and (11) Invasion of Privacy. (Dkt. No. 122.) All parties stipulated to the filing of the 4AC, where the 4AC would incorporate Plaintiff's state law

---

[1] Plaintiff notes that the Court dismissed Kerri Christman Gilbert with prejudice but includes her for the purposes of appeal. (4AC ftn. 20.)

[2] Plaintiff notes that this was dismissed by the Court [Dkt. No. 82] but includes it to preserve it for appeal. (4AC ftn. 30.)

claims filed in the Superior Court of California, County of Contra Costa as *Doe v. San Ramon Valley Unified Sch. Dist.*, No. C19-00271. (Dkt. No. 119.) Such state law claims are Causes of Action Seven through Eleven listed above.

The 4AC fails to allege facts sufficient to state claims Seven through Eleven, relying on "naked assertions" devoid of "further factual enhancement," and/or failure to present a "cognizable legal theory" under which relief may be granted. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).)

Dismissal is warranted because:

1) Plaintiff's Seventh and Eighth Causes of Action fail to state facts to support claims against WILLFORD, as he fails to sufficiently plead that she used threats, intimidation or coercion to violate his rights under the Bane Act;

2) Plaintiff's Ninth Cause of Action fails to state facts to support a claim against WILLFORD, as it does not allege conduct that rises to the level of "extreme and outrageous;"

3) Plaintiff's Eleventh Cause of Action fails to state facts to support a claim against WILLFORD for invasion of privacy, as he pleads insufficient facts to show that WILLFORD disseminated his private information;

4) Plaintiff's Tenth Cause of Action fails to state facts to support a claim against WILLFORD for negligent infliction of emotional distress.

## II.     RELEVANT FACTS ALLEGED BY PLAINTIFF

WILLFORD is the Leadership Class teacher at San Ramon Valley High School, a high school within the DISTRICT. (4AC ¶¶ 19, 27, 31.) The course provides students opportunities to work with their peers, staff, and community members. (4AC ¶ 31.) The Leadership Class is intended to help students in elected and appointed roles develop the skills necessary to fulfill their duties and develop their leadership skills. (*Id*.) Plaintiff was elected Junior Class President for the 2016-17 school year. (4AC ¶ 29.) In addition to being Junior Class President, Plaintiff was a candidate for the Associated Student Body ("ASB") President for the next academic year. (4AC ¶ 32.) Plaintiff agreed to the "Leadership Election Package," and one of the election rules states: "Please have discretion when creating campaign signs and slogans, as any inappropriate material will be removed and the candidate is

subject to be pulled from the election." (4AC ¶ 36.)

On Saturday, February 4, 2017, Plaintiff and a group of his friends filmed the James Bond campaign video at a friend's house off-campus. Plaintiff portrayed a James Bond-type hero who rescues a fellow student captured by two armed males. (4AC ¶ 39.) The two antagonists were friends of Plaintiff and practicing Muslims. (4AC ¶ 39.) On February 6, 2017, the video was posted to YouTube. (4AC ¶ 44.) The next morning, a fellow student told Plaintiff that other students found the video offensive. (*Id.*)

On February 8, 2017 WILLFORD texted Plaintiff, stating that she wanted to "protect" him, but that she needed to view the campaign video to do so. Plaintiff and the other students who created the campaign video met with WILLFORD and agreed to provide her a copy the following day. (4AC ¶ 48.) On February 9, 2017 the student editor brought the campaign video with him to WILLFORD. (4AC ¶ 49.) The student delivered the video to Chad Cochran, the school's video production teacher.

Thereafter, WILLFORD and Mr. Cochran viewed the copy of the campaign video without the students, and WILLFORD also watched the film with school officials and certain students in the Leadership Class. (4AC ¶ 50.)

The election polls were scheduled to close at the end of the school day on February 9, 2017. That day, certain Administrative Defendants, not including WILLFORD, interrogated Plaintiff about the campaign video for nearly three hours, not allowing him an opportunity to eat lunch, drink water, or use the restroom during the interrogation. (4AC ¶¶ 52-54, 56.) The Administrative Defendants decided to expel Plaintiff from the Leadership class, based upon the campaign video and the recommendation of WILLFORD. (4AC ¶ 58.) WILLFORD obtained statements from members of the Leadership Class, each stating similar opinions that the campaign video was "inappropriate," "offensive," "hurtful," or "dumb." (4AC ¶ 61.)

On April 7, 2017, Plaintiff filed an ex parte petition for writ of mandamus in the Superior Court of California for Contra Costa County, where the court denied his petition stating that it did not "me[et] the requirements for writ relief…" (4AC ¶ 67.)

Defendants refused to release Plaintiff's grades and punished the campaign video's antagonists differently. (4AC ¶¶ 63-64.) On May 16, 2017, the DISTRICT informed Plaintiff that he would be

permitted to return to the Leadership Class, that he would be reinstated as Junior Class President, and that Plaintiff received the most votes in the ASB President election and would be permitted to serve in the position during his senior year. (4AC ¶ 69.)

On May 18, 2017, an official from the DISTRICT, believed to be REIMANN, spoke with the Leadership Class about Plaintiff, claiming that Defendants reversed the election decision solely to avoid litigation. (4AC ¶ 70.) That same day, Plaintiff's history teacher, Heidi Stepp, contacted Karen Pearce, other friends, politicians, the Council on American Islamic Relations ("CAIR"), and the media to "exacerbate tensions" and pressure the School Board "reinstate the unconstitutional sanctions against him." (4AC ¶ 71.) On May 18, 2017, at 3:27 p.m. and 4:12 p.m. respectively, Karen Pearce, a friend of WILLFORD, wrote discussions on Facebook and Instagram regarding the "racially offensive 'joke' video" and the DISTRICT's decision to allow "the boy" to return as the new ASB President. (4AC ¶¶ 72-73.) "Some of the information in Ms. Pearce's post appears to have come from someone within the District." (4AC ¶ 74.) Defendants and other DISTRICT officials caused "an uproar and media frenzy" by, among other things, "mischaracterizing N.Y. and the contents of the Parody and allowing N.Y.'s personal information to be released." (4AC ¶ 75.)

WILLFORD and KROLIKOWSKI also "deliberately isolated and undermined N.Y. in his capacity as [ASB] President." (4AC ¶ 80.) For example, they sent the runner-up in the ASB President election to a Cultural Responsiveness event in August 2017 that ASB Presidents from all other high schools in the DISTRICT attended. (*Id*.) WILLFORD taught the Leadership Class when other videos similar to the campaign video were made. (4AC ¶ 93.) WILLFORD and the Administrative Defendants either did not punish the students who created or who were featured in these films for their speech, or they were not punished to the degree Plaintiff was punished for the campaign video. Plaintiff alleged upon information and belief that Defendants' disparate treatment of him was because of the content of his speech and because of his race and religion. (*Id*.)

### III.  LEGAL ARGUMENT

#### A.  The Complaint is Subject to Dismissal Under FRCP Rule 12(b)(6)

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

(*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) The Court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated in part by Twombly,* 550 U.S. at 560; *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).) The Court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact or legal conclusions couched as facts. (*Iqbal,* 556 U.S. at 678; *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); *Western Mining Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).)

B. **Plaintiff's Seventh and Eighth Causes of Action Fail to State Facts to Support Claims against WILLFORD, as He Fails to Sufficiently Plead that She Used Threats, Intimidation or Coercion to Violate His Rights Under the Bane Act**

Under California Civil Code section 52.1, (the "Bane Act"):

> If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state… [such individual] may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages…

A plaintiff bringing a claim pursuant to the Bane Act must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion. (*Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1079 (E.D. Cal. 2018).) Under the Bane Act, the term "threat" means "an 'expression of an intent to inflict evil, injury, or damage to another.'" (*McCue v. S. Fork Union Elementary Sch.*, 766 F. Supp. 2d 1003, 1011 (E.D. Cal. 2011).) A threat is actionable under the Bane Act "only if it would reasonably tend to produce fear in the victim." (*Id.*, *citing* Cal. Civ. Code, §52.1(j) ["... and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed"].) In evaluating the threatening or coercive conduct, the Court must consider "whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence. (*Muhammad v. Garrett*, 66 F. Supp. 3d 1287, 1296 (E.D. Cal. 2014), aff'd sub nom. *Muhammad v. City of Bakersfield*, 671 F. App'x 982 (9th Cir. 2016), citing, *Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010).)

There are no facts pleaded in the 4AC where Plaintiff, as a reasonable person, would have

perceived a threat of violence from WILLFORD's actions. Plaintiff details his "interrogation" at length in the 4AC but does not allege that WILLFORD participated in it. To the extent he is claiming that the alleged actions related to the text message exchange between WILLFORD and Plaintiff constitutes threats, intimidation, or coercion, he has stated no facts alleging that he perceived any threat of violence. Therefore, Plaintiff has failed to allege sufficient facts to support a cognizable legal theory under the Bane Act for violations of California Constitution, Article I, § 2 and violations of California Education Code sections 48907, 48950.

**C. Plaintiff's Ninth Cause of Action Fails to State Facts to Support a Claim against WILLFORD, as It Does Not Allege Conduct that Rises to the Level of "Extreme and Outrageous"**

Plaintiff's Ninth Cause of Action fails to allege sufficient facts to establish liability against WILLFORD for Intentional Infliction of Emotional Distress. To establish a cause of action for intentional infliction of emotional distress there must be factual allegations of: (1) extreme and outrageous conduct by the defendant; (2) intent to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional distress; and (4) actual and proximate causation of the emotional distress. (*KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1028, (1995).) Liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. (*Id* at 1030.)

WILLFORD's actions, as alleged by Plaintiff in his 4AC, even when read in the light most favorable to Plaintiff, are not extreme and outrageous. Plaintiff alleges that WILLFORD sent him a text message stating that she wanted to protect him, and allegedly failed to protect him, because she gave the video to administration. He also alleges that she treated another student better than Plaintiff due to WILLFORD's personal relationship to the student's parents. He alleges WILLFORD "caused a student walkout" and discriminated against Plaintiff because of his race and religion. WILLFORD was merely a teacher encouraging all students to abide by the Leadership Election Package, which Plaintiff himself signed. Her alleged behavior is not atrocious or utterly intolerable in a civilized society.

//

//

1  **D.  Plaintiff's Eleventh Cause of Action Fails to State Facts to Support a Claim against WILLFORD for Invasion of Privacy, as He Pleads Insufficient Facts to Show that WILLFORD Disseminated His Private Information**

Under California Law, a claim for invasion of privacy, is broken down into four types of invasion giving rise to tort liability: (a) intrusion into private affairs; (b) public disclosure of private facts; (c) placing the plaintiff in a false light; and (d) appropriation of the plaintiff's name or likeliness. (*Forsher v. Bugliosi*, 26 Cal. 3d 792, 808 (1980).)  Based on the language in his 4AC, Plaintiff appears to be alleging "public disclosure of private facts" without specifying it.

To state a claim for public disclosure, Plaintiff must allege: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." (*Shulman v. Grp. W Prods., Inc*., 18 Cal. 4th 200, 214 (1998), as modified on denial of reh'g (July 29, 1998).)  Plaintiff makes no allegations regarding whether or not his information was of legitimate public concern.

On the other hand, Plaintiff may be alleging a claim for invasion of privacy under Article 1 Section 1 of the California Constitution, also without specifying it.  If so, he is required to state facts alleging: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) a serious invasion of his privacy interest." (*Hill v. Nat'l Collegiate Athletic Assn*., 7 Cal. 4th 1, 36, 865 P.2d 633, 655 (1994).)

According to the 4AC, Plaintiff filed a writ petition over a month before Ms. Pearce posted on social media.  Plaintiff does not allege that his petition was filed under seal.  Therefore, information regarding his "litigation" was public record.  "Generally speaking, a matter which is already in the public domain is not private, and its publication is protected." (*Diaz v. Oakland Tribune, Inc*., 139 Cal. App. 3d 118, 131 (Ct. App. 1983) (internal citations omitted).)

Plaintiff alleges that on May 18, 2017, an official from the DISTRICT, believed to be REIMANN, spoke with the Leadership Class about Plaintiff's litigation.  On May 18, 2017, Heidi Stepp, contacted Karen Pearce, other friends, politicians, CAIR, and the media to "exacerbate tensions" and pressure the School Board "reinstate the unconstitutional sanctions against him."  On May 18, 2017, at 3:27 p.m. and 4:12 p.m. [after school hours] respectively, Karen Pearce wrote her posts about Plaintiff and his litigation on Facebook and Instagram.  It appears from the 4AC that others, namely Heidi Stepp

and "an unknown District official believed to be Defendant Reimann" allegedly disseminated information about the litigation. Plaintiff even alleges that Heidi Stepp contacted Karen Pearce on the same day Ms. Pearce posted on social media – after school hours, when the Leadership Class learned the information. Plaintiff only states naked assertions that WILLFORD disseminated his personal information, based entirely on the fact that Karen Pearce and WILLFORD were friends. This friendship is insufficient to support a claim for invasion of privacy.

To the extent Plaintiff is claiming that his information relating to his lawsuit was disclosed by WILLFORD, he has not pleaded sufficient facts to establish that she disclosed such information. Moreover, such disclosure is not actionable. (See *Poway Unified Sch. Dist. v. Superior Court (Copley Press)*, 62 Cal. App. 4th 1496, 1506 (1998) ("It defies logic and common sense to suggest that a Claims Act claim, even if presented on behalf of a student, is an "educational record" or "pupil record" within the purview of these exemptions. Just because a litigant has chosen to sue a school does not transmogrify the Claims Act claim into such a record. We therefore conclude the release of such a claim implicates neither FERPA nor its California counterpart.").)

### E. Plaintiff's Tenth Cause of Action Fails to State Facts to Support a Claim against WILLFORD for Negligent Infliction of Emotional Distress

Plaintiff correctly states in the 4AC that "negligent infliction of emotional distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." (4AC ¶ 188, citing *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal. 4th 124, 129 (1993).) Plaintiff alleges that WILLFORD had a duty "not to interfere with his right to exercise free speech, as well as the duty not to disseminate N.Y.'s personal and private information to third parties," and that she breached said duty. (4AC ¶¶189-190.) To the extent that the alleged breach in Plaintiff's cause of action for negligent infliction of emotional distress is in fact subsumed by Causes of Action Seven (Cal. Civ. Code § 52.1: Violation of California Constitution, Article I, § 2) and Eleven (Invasion of Privacy), his cause of action for negligent infliction of emotional distress should be dismissed, as he has not pleaded facts sufficient to state facts to support a claim for Causes of Action Seven and Eleven, as discussed above, and incorporated herein by reference.

//

## IV. CONCLUSION

Based on the foregoing, defendant JANET WILLFORD respectfully requests that her motion be granted and Claims Seven through Eleven alleged in Plaintiff's Fourth Amended Complaint be dismissed without leave to amend.

Dated:  July 29, 2019                                      BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By:     */s/ Heather Hensley*
     Eugene B. Elliot
     Heather G. Hensley
     Attorneys for Defendant
     JANET WILLFORD